UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        Case No. 2:99-cr-71-FTM-29DNF

BRIAN TIMOTHY BRANTLEY

_____

### OPINION AND ORDER

This matter is before the Court on defendant's Motion For Reduction of Sentence Based on Retroactive Guideline Amendment Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule That Have the Effect of Lowering Guideline Range (Doc. #52) filed on March 10, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels, and in light of Amendment 709, which made changes concerning a defendant's criminal history.  Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, and Amendment 709 has not been made retroactive, the motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

(c) The court may not modify a term of imprisonment once it has been imposed except that -
. . .
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant

>       or the Director of the Bureau of Prisons, or on its own
>       motion, the court may reduce the term of imprisonment,
>       after considering the factors set forth in section 3553(a)
>       to the extent that they are applicable, if such a reduction
>       is consistent with applicable policy statements issued by
>       the Sentencing Commission.

18 U.S.C. § 3582(c)(2).   The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1].   Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G.

---

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

§ 1B1.10(a)(2)(B).

At the original sentencing, the Court determined that defendant's Base Offense Level was 28 and his Total Offense Level was 25.  Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 34, which after a three level adjustment for acceptance of responsibility resulted in an Enhanced Offense Level of 31.  The Court granted a two level departure, to Enhanced Offense Level 29, because of defendant's substantial assistance.  Defendant's Criminal History Category was VI, and the resulting Sentencing Guidelines range was 151 to 188 months imprisonment.  Defendant was sentenced to 151 months imprisonment.

The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1).  In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1).  The application of Amendment 706 initially results in a Base Offense Level of 26, but because defendant is a career offender his Total Offense Level remains 31.  With the two level substantial assistance departure, his Total Offense Level remains 29.  With a Criminal History Category of VI, defendant's Sentencing Guidelines range remains 188 to 235 months imprisonment.  Since the Sentencing Guidelines range remains the same

and is not lowered, defendant is not eligible for a reduction in his term of imprisonment pursuant Amendment 706.

As to Amendment 709, only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c).  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).  Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and may not be utilized to reduce defendant's sentence.  Id.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion For Reduction of Sentence Based on Retroactive Guideline Amendment Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule That Have the Effect of Lowering Guideline Range (Doc. #52) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of March, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Brian Timothy Brantley
U.S. Probation
U.S. Marshal

4